UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:23-cv-00554-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER** |
| USAA CASUALTY INSURANCE | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 11), filed by Defendant USAA Casualty Insurance Company ("Defendant").  Plaintiff Christopher Ortiz ("Plaintiff") filed a Response, (ECF No. 15), to which Defendant filed a Reply, (ECF No. 22).

For the reasons discussed below, because Plaintiff fails to allege facts which make an inference of culpability plausible, the Court GRANTS Defendant's Motion to Dismiss.

I.      **BACKGROUND**

This case arises from injuries Plaintiff sustained in an accident with a third-party driver in July 2021.  As a result of the collision, Plaintiff suffered damage to his vehicle and physical injury. (Compl. ¶ 23, Ex. 1 to Pet. Removal, ECF No. 1-1).  At the time of the accident, Plaintiff had a policy insurance with Defendant, (the "Policy"). (*Id*. ¶¶ 16–19, Ex. 1 to Pet. Removal).  Plaintiff alleges that pursuant to the Policy, Defendant agreed to pay compensatory damages for bodily injury to an insured that was caused by a third-party driver who does not have "enough insurance to pay for injuries or damages." (*Id.* ¶ 20, Ex. 1 to Pet. Removal).

Following the collision, Plaintiff made a demand to the third-party driver's insurer for the policy limits to provide coverage for his injuries. (*Id*. ¶¶ 14–15, Ex. 1 to Pet. Removal).  Because Plaintiff's medical expenses and future surgical recommendations exceeded the third-

1 | party driver's policy limits, Plaintiff also made a claim for benefits under the Policy to

2 | Defendant. (*Id.* ¶ 24, Ex. 1 to Pet. Removal).

3 | Plaintiff's claim included his relevant medical billing, which showed his "medical

4 | specials associated" with the accident totaled $49,580.11 and that he was "recommended to

5 | undergo artificial disc replacement" for his spine "at a cost of $244,065.00." (*Id.* ¶¶ 23–26, Ex.

6 | 1 to Pet. Removal).  In response, "Defendant offered only $51,000 to settle Plaintiff's claim."

7 | (*Id.* ¶ 27, Ex. 1 to Pet. Removal).  Plaintiff asserts Defendant's response demonstrated it "ha[d]

8 | declined reasonable efforts to settle this claim under [the Policy.]" (*Id.* ¶ 28, Ex. 1 to Pet.

9 | Removal).

10 | Plaintiff subsequently filed suit in the Eighth Judicial District Court of Nevada, asserting

11 | claims for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith

12 | and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and

13 | (4) breach of statutory duties under Nevada Revised Statues ("NRS") § 686A.310. (Compl. ¶¶

14 | 29–54, Ex. 1 to Pet. Removal).  Defendant then removed to this Court based on diversity

15 | jurisdiction, (*see generally* Pet. Removal, ECF No. 1), and filed the instant Motion to Dismiss,

16 | (ECF No. 11).  The Court discusses Defendant's Motion to Dismiss below.

17 | ## II.    LEGAL STANDARD

18 | Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon

19 | which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

20 | 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

21 | which it rests, and although a court must take all factual allegations as true, legal conclusions

22 | couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule

23 | 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

24 | of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain

25 | sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

1   face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A

2   claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This

4   standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

5       "Generally, a district court may not consider any material beyond the pleadings in ruling

6   on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

7   1555 n.19 (9th Cir. 1990).  "However, material which is properly submitted as part of the

8   complaint may be considered." *Id.*  Similarly, "documents whose contents are alleged in a

9   complaint and whose authenticity no party questions, but which are not physically attached to

10  the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v.*

11  *Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  On a motion to dismiss, a court may also take

12  judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282

13  (9th Cir. 1986).  Otherwise, if a court considers materials outside of the pleadings, the motion

14  to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

15      If the court grants a motion to dismiss for failure to state a claim, leave to amend should

16  be granted unless it is clear that the deficiencies of the complaint cannot be cured by

17  amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant

18  to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

19  the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the

20  movant, repeated failure to cure deficiencies by amendments previously allowed undue

21  prejudice to the opposing party by virtue of allowance of the amendment, futility of the

22  amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

23  ///

24  ///

25  ///

1   **III.    DISCUSSION**

2        As stated, Plaintiff's Complaint asserts the following claims: (1) breach of contract; (2)

3   contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of

4   the implied covenant of good faith and fair dealing; and (4) breach of statutory duties under

5   NRS § 686A.310.[1] (Compl. ¶¶ 29–54, Ex. 1 to Pet. Removal).  By the instant Motion to

6   Dismiss, however, Defendant only moves to dismiss Plaintiff's causes of action for contractual

7   breach of the implied covenant of good faith and fair dealing, tortious breach of the implied

8   covenant of good faith and fair dealing, and breach of statutory duties under NRS § 686A.310.

9   (Mot. Dismiss ("MTD") 4:2–3).  The Court discusses these claims below, beginning with

10  Plaintiff's contractual breach of the implied covenant of good faith and fair dealing.

11              **A.  Contractual Breach of the Implied Covenant**

12       Defendant argues the Complaint fails to state a claim because it repeats the breach of

13  contract allegations for this claim, and a breach of contract's literal terms cannot

14  simultaneously support a breach of the implied covenant. (MTD 5:12–6:12).  Confusingly,

15  Plaintiff's response is limited to a single sentence stating that "Defendant's entire argument

16  regarding this claim hinges entirely as an assertion that Plaintiff did not assert literal

17  compliance with the contract."[2] (Resp. 5:21–22).

18       Nevada law implies a covenant of good faith and fair dealing in every contract. *Hilton*

19  *Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991).  "Where the terms

20  of a contract are literally complied with but one party to the contract deliberately contravenes

21  the intention and the spirit of the contract, that party can incur liability for breach of the implied

22  covenant of good faith and fair dealing." *Id.*  "This cause of action is different from one for

23

24  _____

25  [1] Defendant further moves to dismiss or strike Plaintiff's request for punitive damages and attorney's fees. (MTD
    9:1–15).  Because the Court dismisses without prejudice the causes of action which support these forms of relief,
    the Court also dismisses without prejudice Plaintiff's request for punitive damages and attorney's fees.
    [2] The Court advises Plaintiff's counsel to substantively address Defendant's arguments in future filings.

1  breach of contract because it requires literal compliance with the terms of the contract."

2  *Stebbins v. Geico Ins. Agency*, No. 2:18-cv-00590, 2019 WL 281281, at \*2 (D. Nev. Jan. 22,

3  2019).  "It is well established that a claim alleging breach of the implied covenants of good

4  faith and fair dealing cannot be based on the same conduct establishing a separately pled breach

5  of contract claim." *Id.* (quotation omitted).

6      Here, Plaintiff's Complaint does not adequately allege literal compliance with the

7  contractual terms of the Policy and uses the same allegations for both breach of contract and

8  breach of the implied covenant of good faith and fair dealing. (*Compare* Compl. ¶ 33, Ex. 1

9  Pet. Removal *with id.* ¶ 37) ("However, even if the Court concludes that the conduct described

10  in the Complaint does not constitute a breach of the express terms of the insurance contract,

11  Plaintiff alternatively pleads that Defendant's conduct constitutes a breach of the implied

12  covenant of good faith and fair dealing.").  "While plaintiffs may plead both breach of contract

13  and breach of the implied covenants as alternative theories of liability, all elements of each

14  cause of action must be properly pleaded." *Stebbins*, 2019 WL 281281, at \*3.  This is not the

15  case with Plaintiff's Complaint, which uses the same allegation for both breach of contract and

16  contractual breach of the implied covenant of good faith and fair dealing.  Therefore, the Court

17  dismisses Plaintiff's claim for contractual breach of the implied covenant of good faith and fair

18  dealing, but grants leave to amend because it is not clear that amendment would be futile. *See*

19  *Sonoma Cty. v. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013)

20  ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the

21  complaint could not be saved by any amendment.") (quotation omitted).

22  ///

23  ///

24  ///

25  ///

1

**B. Tortious Breach of the Implied Covenant**

2      Defendant argues Plaintiff has not plausibly alleged facts that its valuation was without a

3   reasonable basis and that Defendant knew it was without a reasonable basis. (MTD 6:14–7:22).

4   Instead, Defendant contends the facts show a genuine dispute over valuation, which defeats a

5   tortious bad faith claim as a matter of law. (*Id.*). The Court agrees.

6      To state a claim for a tortious breach of the implied covenant, the insured must plausibly

7   allege that: (1) an insurer denied a claim; (2) without any reasonable basis; and (3) with the

8   knowledge or reckless disregard of any reasonable basis to deny coverage. *See Falline v. GNLV*

9   *Corp.*, 823 P.2d 888, 891 (Nev. 1991).  That is, bad faith requires an insurer's denial of benefits

10   to be both objectively and subjectively unreasonable. *See Rivas v. Gov't Employees Ins. Co.*,

11   No. 2:20-cv-306, 2020 WL 3128596, at *2 (D. Nev. June 12, 2020).  And an insurer's honest

12   mistake, bad judgment, or negligence is not enough. *Allstate Ins. Co v. Miller*, 212 P.3d 318,

13   330 (Nev. 2009).

14      An insurer's knowingly "unreasonable denial or delay in payment of a valid claim" is

15   grounds for a bad faith claim. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996).  An

16   insurer's failure to adequately inform the insured about a reasonable settlement offer can also

17   be grounds for a bad faith claim. *See Miller*, 212 P.3d at 315.  In contrast, "an insurer does not

18   act in bad faith merely because it disagrees with the claimant's estimation of his injuries or

19   delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v.*

20   *Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017).

21      As currently alleged, Plaintiff's claim boils down to a dispute over valuation.  Plaintiff's

22   Complaint alleges that Defendant offered him an unreasonably low settlement offer by

23   "disregarding the opinions of all of Plaintiff's treating physicians in favor of one retained

24   doctor." (Compl. ¶ 45, Ex. 1 to Pet. Removal).  But past decisions by this Court have

25   recognized that "'an insurer's duty to equally consider the insured's interests alongside its own

1  interests does not require it to give equal consideration to 'the insurer's and the insured's

2  competing medical data.'" *Ragonesi v. Gewico Casualty Co.*, No. 2:20-cv-1280, 2020 WL

3  7643225, at *4 (D. Nev. Dec. 23, 2020) (quoting *Flonnes v. Prop. & Cas. Ins. Co. of Hartford*,

4  No. 2:12-cv-01065, 2013 WL 3109381, at *5 (D. Nev. June 17, 2013)).  In fact, this court has

5  found that an "insurer's hiring of an independent medical professional to evaluate a plaintiff's

6  claim" evidences a good faith investigation and valuation. *Ballesteros v. Garrison Prop. and*

7  *Casualty Ins. Co.*, No. 2:23-cv-00135, 2023 WL 3169864, at *4 (D. Nev. Apr. 27, 2023)

8  (collecting cases).  Absent additional allegations, it is unclear what Plaintiff is contending

9  Defendant failed to explain or how Defendant acted with actual or implied awareness that it

10 lacked a reasonable basis to rely on its doctor's opinion. *See Igartua v. Mid-Century Ins. Co.*,

11 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017) (writing that an "insurer does not act in bad faith

12 merely because it disagrees with the claimant's estimation of his injuries or delays paying out

13 benefits until it receives relevant documents or expert opinions").  Accordingly, the Court

14 dismisses this claim but with leave to amend because it is not clear that amendment would be

15 futile. *Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1118.

16      **C. Unfair Claims Practices Act**

17      Under NRS § 686A.310, an insurer is liable for damages if it engages in any of the

18 various enumerated acts.  Plaintiff, in both his Complaint and Response to Defendant's Motion,

19 "merely lists various subsections of the statute and quotes the statutory language.  [Plaintiff]

20 fails to allege facts plausibly showing a violation of any statutory section." *Castillo*, 446 F.

21 Supp. 3d at 714.  Accordingly, this claim is DISMISSED with leave to amend because it is not

22 clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1118.

23 ///

24 ///

25 ///

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 11), is **GRANTED**.  Plaintiff shall have twenty-one (21) days of the date of this Order to file an amended complaint.  Any amended complaint should remedy the deficiencies identified in this Order.  Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's claim for contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and NRS § 686A.310 claim with prejudice.

**DATED** this __17__ day of October, 2023.

_____

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT