# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTOPHER ORTIZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:23-cv-00554-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER GRANTING SECOND MOTION** |
| USAA CASUALTY INSURANCE | ) | **TO DISMISS** |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is the Second Motion to Dismiss, (ECF No. 33), filed by Defendant USAA Casualty Insurance Company ("Defendant"). Plaintiff Christopher Ortiz ("Plaintiff") filed a Response, (ECF No. 38), to which Defendant filed a Reply, (ECF No. 41).

For the reasons discussed below, the Court **GRANTS** Defendant's Second Motion to Dismiss.

## I.    BACKGROUND

This case arises from injuries Plaintiff sustained in an accident with a third-party driver in July 2021. As a result of the collision, Plaintiff suffered damages to his vehicle and physical injuries. (First Am. Compl. ("FAC") ¶¶ 12–14, ECF No. 29). At the time of the accident, Plaintiff had an insurance policy with Defendant, (the "Policy"). (*Id*. ¶ 16). Under the Policy, Defendant agreed to compensate Plaintiff for bodily injuries he sustained from accidents with underinsured drivers. (*Id*. ¶¶ 17–22). Because the third-party driver was underinsured, Plaintiff made a claim for benefits under the Policy to Defendant. (*Id*. ¶¶ 23–24).

Plaintiff's claim included his relevant medical billing, which showed his medical specials totaled $49,580.11 and that he was "recommended to undergo artificial disc replacement" for his spine "at a cost of $244,065.00." (*Id*. ¶ 23). Plaintiff's medical providers "all believe[d]

[his] injuries . . . were a direct resolution of the [accident,]" and that he "need[ed] extensive future medical care because of the crash." (*Id.* ¶ 27). Defendant responded to Plaintiff's submission with a $51,000 settlement offer. (*Id.* ¶ 30). According to Plaintiff, "[Defendant] failed to conduct a reasonable investigation prior to making its offer." (*Id.* ¶ 31). Plaintiff avers that Defendant's claim file "does not indicate that qualified medical experts were contacted or retained to opine on the reasonableness of necessity of [his] past and future medical care." (*Id.* ¶ 32). Instead, Defendant allegedly discounted Plaintiff's medical expenses as part of its "[s]trategy" and "[n]egotiation [p]oints." (*Id.* ¶¶ 33, 38, 52(c), 57, 62(c), 67, 70, 74(d), 81).

Plaintiff subsequently filed suit in the Eighth Judicial District Court of Nevada, asserting claims for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) breach of statutory duties under NRS § 686A.310. (Compl. ¶¶ 29–54, Ex. 1 to Pet. Removal, ECF No. 1-1). Defendant then removed to this Court based on diversity jurisdiction, (Pet. Removal, ECF No. 1). The Court granted Defendant's First Motion to Dismiss, finding that Plaintiff had not adequately pleaded facts meeting the elements of his claims but gave him leave to amend. (*See generally* Order, ECF No. 28). Plaintiff filed his FAC alleging the same causes of action, which Defendant again moves to dismiss. (*See generally* Second Mot. Dismiss, ECF No. 33).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

///

1    **III.    <u>DISCUSSION</u>**

2        Defendant moves to dismiss Plaintiff's claims for contractual breach of the implied

3    covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith

4     and fair dealing, and breach of statutory duties under NRS § 686A.310.[1] (*See generally* Second

5    Mot. Dismiss).  Plaintiff "concedes that the contractual breach of the [implied] covenant of

6    good faith and fair dealing should be dismissed given the nature of his allegations against

7    [Defendant]." (Resp. 2:8–11, ECF No. 38).  Accordingly, the Court GRANTS Defendant's

8    Second Motion to Dismiss as to this claim and DISMISSES it with prejudice.  The Court next

9    examines Plaintiff's claim for tortious breach of the implied covenant of good faith and fair

10   dealing.

11       **A.  Tortious Breach of the Implied Covenant**

12       Defendant argues that Plaintiff's FAC alleges a genuine dispute over valuation of his

13   claims, which defeats a tortious bad faith claim as a matter of law. (Second Mot. Dismiss 7:21–

14   10:18).  Specifically, Defendant advances that the allegations in Plaintiff's FAC do not support

15   the inference that its evaluation was without a reasonable basis or that Defendant knew it was

16   without a reasonable basis. (*Id.*).  Plaintiff counters that Defendant's bad faith is shown by the

17   fact that it allegedly failed to employ medical professionals in evaluating his claim.[2] (Resp.

18   6:6–8:14).

19

---

20   [1] Defendant further moves to dismiss or strike Plaintiff's request for punitive damages and attorney's fees.
     (Second Mot. Dismiss 12:7–13:16).  Because the Court dismisses without prejudice the causes of action which
21   support these forms of relief, the Court also dismisses without prejudice Plaintiff's request for punitive damages
     and attorney's fees.
22   [2] Defendant disputes this assertion, noting that Plaintiff's Complaint acknowledged it employed a medical expert
     in evaluating Plaintiff's claim. (Second Mot. Dismiss 9:19–10:20); (Reply 4:17–21, ECF No. 41).  Defendant's
23   argument is well-taken, as Plaintiff's Complaint alleged that Defendant "disregard[ed] the opinions of all
     Plaintiff's treating physicians in favor of one retained doctor." (Compl. ¶ 45, Ex. 1 to Pet. Removal).  However,
24   the Ninth Circuit has explained that "there is nothing in the Federal Rules of Civil Procedure to prevent a party
     from filing successive pleadings that make inconsistent or even contradictory allegations." *PAE Gov't Servs.,*
25   *Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2017).  So while the Court notes this discrepancy, it assumes that
     Defendant did not employ a medical expert in evaluating Plaintiff's claim based solely on the allegations in the
     FAC.

To state a claim for a tortious breach of the implied covenant, the insured must plausibly allege that: (1) an insurer denied a claim; (2) without any reasonable basis; and (3) with the knowledge or reckless disregard of any reasonable basis to deny coverage. *See Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991). That is, bad faith requires an insurer's denial of benefits to be both objectively and subjectively unreasonable. *See Rivas v. Gov't Employees Ins. Co.*, No. 2:20-cv-306, 2020 WL 3128596, at *2 (D. Nev. June 12, 2020). And an insurer's honest mistake, bad judgment, or negligence is not enough. *Allstate Ins. Co v. Miller*, 212 P.3d 318, 330 (Nev. 2009).

An insurer's knowingly "unreasonable denial or delay in payment of a valid claim" is grounds for a bad faith claim. *Guar. Nat. Ins. Co. v. Potter*, 912 P.2d 267, 272 (Nev. 1996). An insurer's failure to adequately inform the insured about a reasonable settlement offer can also be grounds for a bad faith claim. *See Miller*, 212 P.3d at 315. In contrast, "an insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries or delays paying out benefits until it receives relevant documents or expert opinions." *Igartua v. Mid-Century Ins. Co.*, 262 F. Supp. 3d 1050, 1055 (D. Nev. 2017).

"The Court agrees with Plaintiff that an insurer's decision to forego employing medical professionals in evaluating a claim could evidence bad faith; it disagrees, however, that such a decision *per se* shows bad faith." *Ballesteros v. Garrison Prop. and Cas. Ins. Co.*, No. 2:23-cv-00135, 2023 WL 3169864, at *5 (D. Nev. Apr. 27, 2023) (citation omitted). Allegations that an insurer did not employ medical experts "is only probative insofar as it supports the ultimate conclusion that an insurer denied a claim without a reasonable basis to do so." *Goodrich v. Garrison Prop. and Cas. Ins. Co., Inc.*, 526 F. Supp. 3d 789, 802 (D. Nev. 2021). Here, Plaintiff's FAC does not otherwise lend itself to the reasonable inference that Defendant lacked a good faith basis for its settlement offer.

///

Plaintiff does not allege whether Defendant's settlement offer was accompanied by an explanation for its evaluation. According to Plaintiff, Defendant's claims file demonstrates it discounted Plaintiff's medical expenses as part of its "[s]trategy" and "[n]egotiation [p]oints." (FAC ¶¶ 33, 38, 52(c), 57, 62(c), 67, 70, 74(d), 81). So, it appears Defendant had a justification for its decision, albeit one Plaintiff considered unsatisfactory. If Defendant provided Plaintiff with an explanation for its settlement offer based on its investigation, Plaintiff must allege why this offer or the underlying investigation was without a reasonable basis. *See Igartua*, 262 F. Supp. at 1055 (writing that an "insurer does not act in bad faith merely because it disagrees with the claimant's estimation of his injuries"). If Defendant refused to explain the basis for its evaluation, that, in connection with its alleged failure to consult with medical experts, could evidence bad faith. *See Iovino v. Amtrust Fin. Servs. Inc.*, No. 2:22-cv-01974, 2023 WL 5628429, at *3 (D. Nev. Aug. 30, 2023) (finding the plaintiff alleged a bad faith claim where the defendants "refused to explain the basis for their valuation"); *Ballesteros*, 2023 WL 3169864, at *5 (writing that plaintiff adequately alleged a bad faith claim where the defendant repeatedly offered a settlement amount it new was insufficient considering the plaintiff's medical expenses "without explanation or adequate investigation into his medical conditions"). Accordingly, the Court DISMISSES this claim, but will give Plaintiff one last opportunity to amend because it is not clear amendment is futile.[3] *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without

---

[3] Defendant argues that Plaintiff should not be given leave to amend because he failed to comply with Local Rule 15-1. (Reply 6:17–7:9). Local Rule 15-1 "requires a party moving for amendment to attach the proposed amended pleading to its motion to amend." *Clifford v. Geico Cas. Co.*, 428 F. Supp. 3d 317, 326 (D. Nev. 2019). Plaintiff's Response requested the Court allow him to file a second amended complaint if it dismissed any of his claims but did not attach his proposed amended pleading to his response. (*See generally* Resp.). Nevertheless, the Court does not find this omission to be fatal. Courts should "freely give" leave to amend when amendment would not be futile, and the request is not a result of undue delay or bad faith. Fed. R. Civ. P. 15(a); *Foman*, 371 U.S. at 182. Here, amendment is not futile, nor is Plaintiff's request the result of undue delay or bad faith. Accordingly, the Court will grant Plaintiff leave to amend.

leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.") (quotation omitted).

**B.  Unfair Claims Practices Act**

Defendant next moves to dismiss Plaintiff's NRS § 686A.310 claim.  Plaintiff alleges that Defendant engaged in the following unfair practices: "[f]ailing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies," *id.* §686A.310(c), and "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear," *id.* § 686A.310(e). (FAC ¶¶ 68–81).

The Court finds that Plaintiff's FAC fails to adequately plead facts meeting the elements of his claim.  First, Plaintiff has not adequately alleged that Defendant's evaluation of his claim was not prompt.  Second, the FAC does not include adequate allegations that Defendant failed to adopt and implement reasonable standards for the prompt investigation of claims, or that its offer was not fair and equitable.  Accordingly, the Court DISMISSES this claim but will give Plaintiff one last opportunity to amend. *Sonoma Cty. Ass'n of Retired Emps.*, 708 F.3d at 1118.

///
///
///
///
///
///
///
///
///
///

IV.     **CONCLUSION**

      **IT IS HEREBY ORDERED** that Defendant's Second Motion to Dismiss, (ECF No. 33), is **GRANTED**.  Plaintiff's claim for contractual breach of the implied covenant of good faith and fair dealing is **DISMISSED with prejudice**.  All other claims are **DISMISSED without prejudice** and with one last opportunity to amend.  Plaintiff shall have twenty-one (21) days of the date of this Order to file an amended complaint.  Any amended complaint should remedy the deficiencies identified in this Order.  Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's tortious breach of the implied covenant of good faith and fair dealing and NRS § 686A.310 claims with prejudice.

      **DATED** this   10   day of June, 2024.

                             _____

                             Gloria M. Navarro, District Judge
                             UNITED STATES DISTRICT COURT